IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>SARAH SESEPASARA,<br>  aka "Bill Sesepasara,"<br>  aka "Ronald Sesepasara,"<br><br>Defendant. | CR. NO. 20-00019 JAO<br><br>**ORDER GRANTING THE GOVERNMENT'S MOTION FOR AN ORDER** |

**ORDER GRANTING THE GOVERNMENT'S
MOTION FOR AN ORDER**

On April 15, 2022, Defendant/Petitioner Sarah Sesepasara filed a Section 2255 motion based on the alleged ineffective assistance of counsel of Gary Singh. ECF No. 110.  Before the Court is the Government's Motion for an Order that would:  (1) unseal the hearing regarding attorney Gary Singh's motion to withdraw; (2) find that, by filing a motion for habeas relief based on Mr. Singh's alleged ineffective assistance of counsel, Ms. Sesepasara waived the attorney-client privilege; and (3) extending the briefing schedule for the response to the Section 2255 motion.  *See* ECF No. 113 ("Motion").  For the following reasons, the Motion is GRANTED.

A. Motion To Unseal Court's Hearing On Gary Singh's Motion To Withdraw, ECF No. 80

In order to evaluate Ms. Sesepasara's claim that Mr. Singh was ineffective, the Court "must judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct." *Strickland v. Washington*, 466 U.S. 668, 690 (1984). Central to the evaluation is whether the attorney's representation was "outside the wide range of professionally competent assistance." *Id*.

On July 9, 2021, Mr. Singh filed a Motion to Withdrawal (sic) as Counsel. ECF No. 74. In his declaration in support of that motion, Mr. Singh represented that there had been "a breakdown in the attorney/client relationship" that would "prevent [him] from providing effective representation." ECF No. 74 at 3. The Government opposed the motion. ECF No. 78. At a hearing on July 20, 2021 — some of which was sealed and is the subject of the instant motion — Judge Wes Reber Porter denied the motion to withdraw. ECF No. 80.

The Court, having reviewed the recording of the July 20 hearing, concludes that the sealed portion of the hearing is relevant as it reveals some of the interactions between Mr. Singh and Ms. Sesepasara that are raised in Ground Three of the Section 2255 motion, and as discussed below, Ms. Sesepasara has effectively waived her attorney-client privilege. The Court therefore GRANTS the Government's request to unseal that part of the hearing, but will only allow for

unsealing to the Government, its employees, anyone contracted to transcribe the hearing, Mr. Singh, and Ms. Sesepasara. The Court cautions the Government that any mention of the sealed portion of the hearing in its opposition should be redacted, and that no further order is required for the filing of a redacted opposition.

B.     Motion To Find Defendant Waived Attorney-Client Privilege

It is well-settled that, by bringing a Section 2255 claim of ineffective assistance of counsel, a defendant waives the attorney-client privilege with regard to communications. *See Bittaker v. Woodford*, 331 F.3d 715, 716 (9th Cir. 2003). But the waiver is not limitless: the Court must cabin the waiver to what is "needed to ensure the fairness of the proceedings." *Id*. at 720.

In light of the many and broad allegations Ms. Sesepasara has made against Mr. Singh, the Court finds that she has waived the privilege with regard to the communications she had with Mr. Singh, and so GRANTS the Motion in this regard.

C.     Motion To Extend Briefing Schedule

The Court finds good cause to extend the briefing schedule as requested by the Government. The Government's opposition is due by June 17, 2022. An optional reply is due by July 5, 2022.

IT IS SO ORDERED.

DATED: Honolulu, Hawaiʻi, May 12, 2002.



Jill A. Otake
United States District Judge

CR 20-00019 JAO, *United States v. Sesepasara*; Order Granting the Government's Motion for an Order